1  Michael D. Hausfeld
   Charles E. Tompkins
2  Andrew B. Bullion
   Hilary K. Ratway (209451)
3  Andrea L. Hertzfeld
   COHEN, MILSTEIN, HAUSFELD
4  & TOLL, P.L.LC.
   1100 New York Avenue, NW
5  Suite 500, West Tower
   Washington, DC   20005
6  Telephone:  (202) 408-4600
   Facsimile:  (202) 408-4699
7
   Joseph W. Cotchett (36324)
8  Steve N. Williams (175489)
   COTCHETT, PITRE & MCCARTHY
9  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
10 Telephone:  (650) 697-6000
   Facsimile:  (650) 697-0577

11

12                    **UNITED STATES DISTRICT COURT**
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13

| 14 | HEE HO CHUNG, MYUNG K. PARK, and ISSUN K. PARK, individually and on behalf of all others similarly situated, | **No.  07 CV 3985** |
|---|---|---|
| 15 | | |
| 16 | Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| 17 | v. | **JURY TRIAL DEMANDED** |
| 18 | KOREAN AIR LINES CO., LTD. and ASIANA AIRLINES, INC., | |
| 19 | | |
| 20 | Defendants. | |

21

22

23

24

25

26

27

28

Plaintiffs, by and through their undersigned counsel, complain and allege upon information and belief except as to those paragraphs applicable to the named Plaintiffs, which are based on personal knowledge, as follows.

## DEFINITIONS

1. "Class Period" means the period from no later than January 1, 2000 to July 31, 2006.

2. "Fuel Surcharge" means a Surcharge levied by an airline upon passengers purportedly to compensate the airline for costs of fuel.

3. "Passenger Air Transportation" means air transportation of individuals involving at least one flight segment between the U.S. and the Republic of Korea ("Korea").

4. "Surcharge" means a fee charged to ticket purchasers by an airline purportedly to compensate the airline for certain external costs.

## NATURE OF THE ACTION

5. This action arises from a conspiracy to fix, raise, maintain, and/or stabilize prices for passenger flights with at least one segment between the U.S. and Korea by fixing the price of passenger and wholesale fares, including by fixing the prices of Fuel Surcharges imposed on Passenger Air Transportation.

6. Defendants and their co-conspirators acted in concert and conspired to artificially inflate the prices of Passenger Air Transportation by fixing the prices of the base rates thereof, as well as the Fuel Surcharges thereon.

7. San Francisco International Airport ("SFO") is a major hub of international passenger air transportation price fixing conspiracy alleged herein. The Defendants operate multiple direct international flights between Korean airports and SFO. In addition to being one of

the largest international airports in the United States, SFO is a significant hub for Defendants Korean Air Lines Co., Ltd. and Asiana Airlines, Inc.

8. The Defendants, together with their co-conspirators, participated in a conspiracy to fix or maintain certain charges built into the price for international Passenger Air Transportation. Because of this unlawful conduct and conspiracy, Plaintiffs and other members of the Class paid artificially inflated prices for international Passenger Air Transportation. Plaintiffs and other members of the Class purchased those services from Defendants and have been damaged thereby.

9. Plaintiffs bring this action to recover treble damages and injunctive relief for violations of Section 1 of the Sherman Act of 1890 ("Sherman Act"), 15 U.S.C. § 1 pursuant to Sections 4 and 16 of the Clayton Act of 1914 ("Clayton Act"), 15 U.S.C. §§ 15, 26.

10. Plaintiffs bring this action on behalf of the Class (the "Class"), as follows:

> All persons and entities who purchased Passenger Air Transportation that included at least one flight segment between the United States and the Republic of Korea from Defendants or any predecessor, subsidiary, or affiliate or business partner of each, at any time during the period from no later than January 1, 2000 to July 31, 2006.

11. The foregoing Class excludes all federal, state, governmental and national entities, the Court and its staff, and Defendants and their co-conspirators and their respective predecessors, subsidiaries, affiliates, and business partners.

12. At all relevant times herein, Defendants and their co-conspirators were airlines that conducted and sold Passenger Air Transportation, and charged Fuel Surcharges on that transport, to airline passengers traveling between the United States and Korea.

13. As further alleged herein, during at least the period January 1, 2000 through July 31, 2006 (the "Class Period"), Defendants and their co-conspirators agreed, combined, and/or conspired with each other to fix, raise, maintain, and/or stabilize the prices of Passenger Air Transportation, including by fixing the price of Fuel Surcharges thereon. As a result of

Defendants' unlawful conduct and conspiracy, Plaintiffs and the other members of the Class paid artificially high prices for Passenger Air Transportation and Surcharges thereon, and have been damaged thereby.

## JURISDICTION AND VENUE

14. The claims of the Plaintiffs and the members of the Class for injuries sustained by reason of Defendants' violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, are brought pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief and to recover treble damages and the costs of this suit, including reasonable attorneys' fees.

15. This Court has original federal question jurisdiction over the Sherman Act claims asserted in this Amended Complaint, pursuant to 28 U.S.C. §§ 1331, 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

16. Venue is proper in this judicial district pursuant to Sections 4(a) and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b), (c), and (d), because during the Class Period Defendants resided, transacted business, were found, or had agents in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this district. Although the identities of all co-conspirators have not yet been made public, this case likely is related to cases previously filed in this Court, and consolidated as *In re International Air Transportation Surcharge Antitrust Litigation*, No. M 06-01793 (CRB), due to the presence of nearly identical factual claims of price fixing of Passenger Air Transportation and Surcharges thereon, shared multinational jurisdiction issues, as well as related procedural issues.

17. Based upon the foregoing similar factual, jurisdictional and procedural issues between this case and *In re International Air Transportation Surcharge Antitrust Litigation*, No.

M 06-01793 (CRB), there will be an unduly burdensome duplication of labor and expense if the cases are conducted before different Judges.

## **DEFENDANTS**

18. Defendant Korean Air Lines Co., Ltd. ("Korean Air") is a foreign airline headquartered at Korean Air Operations Center, 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea. Korean Air conducts Passenger Air Transportation throughout the world, including direct transatlantic flights to and from the United States and this district.

19. Defendant Asiana Airlines, Inc. ("Asiana") is a foreign airline headquartered in "Asiana Town", Kangseo P.O. Box 98 #47, Osae-Dong, Kangseo-Ku Seoul, Korea. Asiana conducts Passenger Air Transportation throughout the world, including direct transatlantic flights to and from the United States and this district.

## **UNNAMED CO-CONSPIRATORS**

20. On information and belief, at all relevant times, other airlines or other entities willingly conspired with Korean Air and Asiana in their unlawful restraint of trade. All averments herein against Korean Air and Asiana are also averred against these unnamed co-conspirators as though set forth at length.

## **AGENTS**

21. The acts alleged to have been done by Defendants were authorized, ordered, or performed by their directors, officers, managers, agents, employees, or representatives while actively engaged in the management of Defendants' affairs.

## **PLAINTIFFS**

22. Plaintiff Hee Ho Chung ("Chung" or "Plaintiff") is an individual resident of the Commonwealth of Virginia residing at 4602 Luxberry Drive Fairfax, Virginia 22032, U.S.A.

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

During the Class Period, Chung purchased Air Passenger Transportation from one or more Defendants and has suffered pecuniary injury as a result of the antitrust violations alleged herein.

23. Plaintiff Myung K. Park ("Myung Park" or "Plaintiff") is an individual resident of the State of Texas, U.S.A. During the Class Period, Myung Park purchased Air Passenger Transportation from one or more Defendants and has suffered pecuniary injury as a result of the antitrust violations alleged herein

24. Plaintiff Issun K. Park ("Issun Park" or "Plaintiff") is an individual resident of the Commonwealth of Virginia residing at 4602 Luxberry Drive Fairfax, Virginia 22032, U.S.A. During the Class Period, Issun Park purchased Air Passenger Transportation from one or more Defendants and has suffered pecuniary injury as a result of the antitrust violations alleged herein

## FACTUAL ALLEGATIONS

### Interstate and International Trade and Commerce

25. Throughout the Class Period, there was a continuous and uninterrupted flow of Passenger Air Transportation in interstate and international commerce into and out of the United States and Korea, affecting trade therein.

26. Korean Air is the largest passenger carrier from the United States to Korea, and averages more than $250 million per year on those flights. Korean Air does business in California, including the sale of international Passenger Air Transportation.

27. Asiana is the second-largest passenger carrier from the United States to Korea, and is Korean Air's main rival on these routes. Asiana does business in California, including the sale of international Passenger Air Transportation

28. Defendants' unlawful activities, as described herein, took place within and affected the flow of interstate commerce to Passenger Air Transportation customers located in states other than where Defendants are located, as well as throughout the world, and had a direct,

substantial and reasonably foreseeable effect upon commerce in the United States and elsewhere worldwide.

**Defendants' Concerted Price Increases**

29. Generally, Surcharges are a feature of the global air transportation market by which airlines charge extra fees to their customers, above and beyond basic flight rate charges, purportedly to defray certain external costs of the carriers.

30. Beginning on or about January 1, 2000 Defendants and their co-conspirators commenced a series of meetings, conversations, and other communications during which they agreed to act in concert with one another in setting the rates to be charged on components of passenger and wholesale Passenger Air Transportation, including by fixing the timing and levels of Fuel Surcharges levied on their Passenger Air Transportation customers.

31. Communications between Defendants, and between Defendants and their co-conspirators, preceded the passenger and wholesale Passenger Air Transportation rate and Fuel Surcharge increases by Defendants and their co-conspirators.

32. As a result of such meetings, conversations, and other communications, Defendants and their co-conspirators agreed to and in fact did increase prices of Passenger Air Transportation, including by fixing the timing and levels of Fuel Surcharges levied on their Passenger Air Transportation customers, in accordance with those agreements.

33. Defendants and their co-conspirators also engaged in meetings, conversations, and other communications to enforce their agreed-upon rates and Fuel Surcharge prices.

**GOVERNMENT PROCEEDINGS**

34. The U.S. Department of Justice ("DOJ") charged Korean Air with participating in a conspiracy to fix fares charged passengers and/or certain travel agents for flights between the United States and Korea.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

35. In announcing these charges on August 1, 2007, the DOJ stated that Korean Air had reached an agreement with its rival to fix these passenger fares.

36. On August 1, 2007 Korean Air agreed to plead guilty and pay a $300 million criminal fine for its role in the conspiracy to fix the prices of passenger flights.

37. Korean Air admitted its wrongdoing. Korean Air attorney Ahn Yong-Seok, in confirming the plea agreement, announced that Korean Air "apologises to shareholders and customers for causing the trouble." Ahn stated that Korean Air's compliance officer would attempt to ensure future compliance with U.S. and global fair trade rules.

38. Under the plea agreement, Korean Air has agreed to cooperate with the DOJ's ongoing investigation.

## **FRAUDULENT CONCEALMENT**

39. Throughout the relevant period, Defendants and their co-conspirators affirmatively and fraudulently concealed their unlawful conduct against Plaintiffs and the Class.

40. Plaintiffs and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as alleged herein until shortly before this litigation was commenced. Nor could Plaintiffs and the members of the Class have discovered the violations earlier than that time because Defendants and their co-conspirators conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing.

41. Only on or about August 1, 2007, when the DOJ announced Korean Air's guilty pleas and criminal fines with regard to their price fixing passenger and wholesale Passenger Air Transportation rates was the existence of the conspiracy disclosed to the public. Plaintiffs and the

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

members of the Class could not have discovered the unlawful conduct at an earlier date through the exercise of reasonable diligence because of Defendants' active and purposeful concealment of their unlawful activities.

42. Defendants and their co-conspirators engaged in a successful, illegal price-fixing conspiracy with respect to Passenger Air Transportation passenger and wholesale rates, as well as to Fuel Surcharges, which they affirmatively concealed in at least the following respects:

    a. by agreeing among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme;

    b. by engaging in secret meetings, telephone calls, and other communications in order to further their illicit cartel; and/or

    c. by giving false and pretextual reasons for their pricing of passenger and wholesale Passenger Air Transportation rates, and for the increases in those prices during the relevant period, and by describing such pricing and increases falsely as being the result of external costs rather than collusion.

43. As a result of Defendants' fraudulent concealment of their conspiracy, Plaintiffs and the members of Class assert the tolling of any applicable statute of limitations affecting the rights of action of Plaintiffs and the members of the Class.

## COUNT I

## VIOLATIONS OF THE SHERMAN ACT

44. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Amended Complaint.

## Class Action Allegations

45. Plaintiffs bring this action on their own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

> All persons and entities (excluding governmental entities, the Court and its staff, Defendants, and Defendants' respective predecessors, subsidiaries, affiliates, and business partners) who purchased Passenger Air Transportation that included at least one flight segment between the United States and the Republic of Korea from Defendants or any predecessor, subsidiary, or affiliate or business partner of each, at any time during the period from no later than January 1, 2000 to July 31, 2006.

46. Because such information is in the exclusive control of Defendants, Plaintiffs do not know the exact number of members of the Class. Due to the nature of the trade and commerce involved, however, Plaintiffs believe that Class members number at least in the thousands and are sufficiently numerous and geographically dispersed throughout the United States and the world so that joinder of all Class members is impracticable.

47. There are questions of law or fact common to the Class, including:

    a. whether Defendants engaged in a combination or conspiracy with their co-conspirators to fix, raise, maintain, and/or stabilize Passenger Air Transportation by fixing the price of Surcharges on such Transportation;

    b. whether Defendants directly or indirectly fixed selling prices of Air Passenger Transportation;

    c. the duration of the conspiracy alleged in this Amended Complaint and the nature and character of the acts performed by Defendants in furtherance of the conspiracy;

    d. whether Defendants violated Section 1 of the Sherman Act;

    e. the nature and character of the acts performed by Defendants in furtherance of the conspiracy;

    f. whether the conduct of Defendants, as alleged in this Amended Complaint, caused injury to the businesses or property of Plaintiffs and the members of the Class;

    g. the effect of Defendants' conspiracy on the Passenger Air Transportation and/or Fuel Surcharge prices charged during the Class Period;

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

  h. whether Defendants fraudulently concealed the alleged conspiracy so as to equitably toll any applicable statute of limitations;

  i. whether damages can be shown on a class-wide basis;

  j. the appropriate measure of damages sustained by Plaintiffs and other members of the Class; and

  k. whether the Class is entitled to injunctive relief to prevent the continuation or furtherance of the violations of Section 1 of the Sherman Act alleged.

48. The Plaintiffs are members of the Class, having purchased Passenger Air Transportation from one or more of the Defendants.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

  a. The Class is readily definable and one for which records should exist in the files of Defendants.

  b. Prosecution as a class action will eliminate the possibility of repetitious litigation.

  c. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender.

  d. Class treatment will permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Amended Complaint on an individual basis.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

  e. This class action presents no difficulties of management that would preclude its maintenance as a class action.

51. Plaintiffs' claims are typical of the claims of the Class members.

52. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are coincident with and not antagonistic to those of other members of the Class.

53. Plaintiffs are represented by counsel competent and experienced in the prosecution of antitrust and class action litigation.

54. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

## Violations Alleged

55. During the Class Period, Defendants and their co-conspirators engaged in a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize the prices of Passenger Air Transportation by fixing the price of passenger and wholesale rates, including by fixing the price of Fuel Surcharges thereon, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

56. In formulating and effectuating the alleged contract, combination, or conspiracy, Defendants and their co-conspirators engaged in anti-competitive activities, the purpose and effect of which were to artificially raise, fix, maintain, and/or stabilize the prices of Passenger Air Transportation by fixing the price of passenger and wholesale rates, including by fixing the price of Fuel Surcharges thereon. These activities included the following:

  a. agreeing to charge prices for Fuel Surcharges at certain levels and otherwise to fix, raise, maintain, and/or stabilize the prices of Passenger Air Transportation; and

  b. charging Fuel Surcharges at agreed upon levels, thereby fixing Passenger Air Transportation at the agreed-upon rates.

57. During the Class Period, Plaintiffs and members of the Class purchased Passenger Air Transportation directly from one or more Defendants (or their respective agents, predecessors, subsidiaries, affiliates, and/or business partners).

58. The illegal combination and conspiracy alleged herein had the following effects, among others:

    a. price competition in the pricing of passenger and wholesale Passenger Air Transportation rates, by and including increases in the price of Fuel Surcharges, and, consequently, the prices of which has been restrained, suppressed, and/or eliminated;

    b. prices charged by Defendants for Passenger Air Transportation were fixed, raised, maintained, and/or stabilized at artificially high, non-competitive levels by fixing the price of passenger and wholesale rates, including by fixing the price of Fuel Surcharges thereon;

    c. prices paid by Plaintiffs and members of the Class for Passenger Air Transportation charged by Defendants have been fixed, raised, maintained, and/or stabilized at artificially high, non-competitive levels by the fixing of prices of Fuel Surcharges; and

59. Defendants' anticompetitive activities and their effects are in violation of the Sherman Act.

60. During the Class Period, Defendants sold Passenger Air Transportation in a continuous and uninterrupted flow of interstate and foreign commerce. Defendants received payment for such products across state and national boundaries. Defendants' activities, and the sale of their services, have both taken place within, and have had a substantial anticompetitive effect upon, interstate commerce within the United States and foreign commerce.

61. Plaintiffs and members of the Class seek injunctive relief, and treble damages, and any such other relief that the Court deems necessary and appropriate.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

**Injury, Loss and Damage to Plaintiffs and the Class**

62.  The combination and conspiracy alleged herein had the following effects, among others:

    a.  The prices charged by Defendants to, and paid by, Plaintiffs and members of the Class for Passenger Air Transportation were fixed, raised, maintained and/or stabilized at artificially high and non-competitive levels;

    b.  Plaintiffs and members of the Class have been deprived of free and open competition in the purchase of Passenger Air Transportation in the United States and worldwide;

    c.  Plaintiffs and members of the Class have been required to pay more for Passenger Air Transportation in the United States and worldwide than they would have paid in a competitive marketplace absent Defendants' price-fixing conspiracy; and

    d.  Competition in the sale of Passenger Air Transportation has been restrained, suppressed or eliminated.

63.  During the Class Period, Defendants' Passenger Air Transportation conspiracy as described herein caused Plaintiffs and the members of the Class to pay artificially inflated prices for Passenger Air Transportation that they would not have paid absent such violations. As a result, Plaintiffs and the members of the Class have been injured and damaged in their business and property in an amount to be determined according to proof.

64.  As a direct and proximate result of Defendants' illegal conspiracy, Plaintiffs and the members of the Class have been injured and financially damaged in their respective businesses and property, in that they have paid artificially inflated prices during the Class Period that they would not have paid in the absence of the illegal conspiracy.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that:

A.  The Court determine that this action may be maintained as a class action under Rule 23(a) and (b) (3) of the Federal Rules of Civil Procedure and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given members of the Class;

B.  The Court adjudge and decree that the contract, combination and conspiracy alleged herein is a *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman Act;

C.  The Court permit Plaintiffs to amend the present Amended Complaint as discovery may disclose further details of this conspiracy in parties, nature, substance, or extent;

D.  The Court award Plaintiffs and the Class attorneys' fees and costs, and pre-judgment and post-judgment interest as permitted by law;

E.  The Court award Plaintiffs and the Class such other and further relief as may be deemed necessary and appropriate.

F.  Judgment be entered against Defendants, jointly and severally, in favor of Plaintiffs and the Class for treble damages determined to have been sustained by them by virtue of Defendants' violations of the Sherman Act, as allowed by law; and

G.  Defendants and their co-conspirators, and their respective successors, assigns, parents, subsidiaries, affiliates and transferees, and their respective officers, directors, agents and employees, and all other persons acting or claiming to act on behalf of Defendants or their co-conspirators, or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy,

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

agreement, understanding or concert of action, or adopting any practice, plan, program or design having a similar purpose or effect in restraining competition.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of the Sherman Act claims and any other claims so triable asserted in this Amended Complaint.

DATED:   August 8, 2007                    Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.**

By:  ____/s/   Michael P. Lehmann
Michael P. Lehmann (77152)
One Embarcadero Center
Suite 526 A & B
San Francisco, CA  94111
Telephone: (415) 623-2047
Facsimile: (415) 623-2049

Joseph W. Cotchett (36324)
Steve N. Williams (175489)
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

Michael D. Hausfeld*
Charles E. Tompkins
Andrew B. Bullion
Hilary K. Ratway (209451)
Andrea L. Hertzfeld
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC   20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Steven A. Kanner
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500
Facsimile:  (224) 632-4521

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

|   |   |
|---|---|
| 1 | |
| 2 | *Counsel for Plaintiffs Hee Ho Chung, Myung K. Park, Issun K. Park, and the Class* |
| 3 | (*For those attorneys not admitted to the Northern District of California, motions for admission *pro hac vice* will be submitted.) |
| 4 | |

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 17 -